UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH WITHERS #848637,

    Petitioner,

    v.        CASE NO. 2:18-CV-12533
                HONORABLE GEORGE CARAM STEEH

MELINDA BRAMAN,

    Respondent.
_____/

## OPINION AND ORDER DISMISSING THE HABEAS CASE AS DUPLICATIVE, DIRECTING THAT THE HABEAS PETITION BE FILED IN A PRIOR CASE, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

Michigan prisoner Kenneth Withers ("petitioner") has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 asserting that he is being held in violation of his constitutional rights. He challenges his Wayne County Circuit Court convictions for two counts of first-degree criminal sexual conduct and one count of kidnapping for which he was sentenced to concurrent terms of 8 to 15 years imprisonment in 2012.

The petitioner, however, has already filed a federal habeas action challenging the same convictions and sentences which is pending in federal

-1-

court. See Withers v. Braman, Case No. 2:15-CV-12314 (E.D. Mich.) (Hood, C.J.). In that case, Chief Judge Hood stayed and administratively closed the case so that the petitioner could return to the state courts to exhaust state remedies as to additional claims. The case was reopened on July 25, 2018.

The instant habeas case must be dismissed as duplicative and/or successive to the petitioner's stayed case and his recently reinstated habeas petition. See Flowers v. Trombley, 2006 WL 724594, *1 (E.D. Mich. March 17, 2006) Harrington v. Stegall, 2002 WL 373113, *2 (E.D. Mich. Feb. 28, 2002); see also Davis v. United States Parole Comm'n, 870 F.2d 657, 1989 WL 25837, *1 (6th Cir. March 7, 1989) (district court may dismiss habeas petition as duplicative of pending habeas petition when second petition is essentially same as first petition). The petitioner's pleadings should be submitted in his previously-filed and pending case. The petitioner may not challenge the same convictions in two different habeas actions. Accordingly, the Court **DISMISSES** this case without prejudice. The Court **DIRECTS** the Clerk's Office to re-file the instant petition in Case No. 2:15-CV-12314 for further consideration. The Court makes no determination as to the merits of the habeas petition. This case is closed.

Before the petitioner may appeal, a certificate of appealability must issue. See 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. Slack v. McDaniel, 529 U.S. 473, 484-85 (2000). Reasonable jurists could not debate the correctness of the Court's procedural ruling. Accordingly, the Court **DENIES** a certificate of appealability. The Court also **DENIES** Petitioner leave to proceed in forma pauperis on appeal as any appeal from this non-prejudicial dismissal would be frivolous and cannot be take in good faith. See Fed. R. App. P. 24(a).

**IT IS SO ORDERED**.

Dated: August 29, 2017

                                         s/George Caram Steeh
                                         GEORGE CARAM STEEH
                                         UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on August 29, 2017, by electronic and/or ordinary mail and also on Kenneth D. Withers #848637, Parnall Correctional Facility - SMT, 1780 E. Parnall, Jackson, MI 49201.

s/Barbara Radke
Deputy Clerk